## STATE v. CRAIG.

### Opinion delivered January 26, 1925.

RAILROADS—IMPERILING LIFE BY PLACING OBSTRUCTION ON TRACK.—
Under Crawford & Moses' Dig., § 8595, imposing a penalty for wilfully and maliciously placing an obstruction on a railroad and thereby causing an engine or car to be thrown off the track, an indictment which alleged that defendant caused the life of another to be put in danger by causing a certain locomotive engine to run and be thrown off the track into the turntable pit is insufficient.

Appeal from Lawrence Circuit Court, Eastern District; *Dene H. Coleman*, Judge; affirmed.

*J. S. Utley*, Attorney General, *John L. Carter*, Assistant, and *H. U. Williamson*, for appellant.

*Smith & Blackford*, for appellee.

McCULLOCH, C. J.  This is an appeal by the State from a judgment of the court sustaining appellee's demurrer to an indictment which, omitting the caption and formal parts, reads as follows:

"The said Preston Craig, in the district, county and State aforesaid, on the 4th day of May, A. D. 1923, unlawfully, wilfully, feloniously and maliciously did cause the life of L. A. Young to be put in immediate danger and peril by causing a certain locomotive engine to run and be thrown off the track of the Missouri Pacific

Railway Company, in the yards of said railway company at Hoxie, Arkansas, into the turntable pit in said yards, and by said means put the life of the Said L. A. Young in immediate peril, as aforesaid, against the peace and dignity of the State of Arkansas."

The charge is preferred under the following sections of the statute:

"Section 8594. *Placing obstruction on track.* Every person who shall wilfully and maliciously place an obstruction, by stones, logs, or any other thing, on the track of a railroad, or shall tear up or remove, or burn or destroy, any part of any railroad or the works thereof, with intent to obstruct the passage of a car or cars thereon, or to throw them off the track, shall, upon conviction, be imprisoned in the penitentiary for a period not exceeding twenty years." Crawford & Moses' Digest.

"Section 8595. *Imperiling life—Penalty.* Every person who shall, by any of the unlawful acts enumerated in the preceding section, cause the life of any person to be put in immediate peril, or shall cause any engine or car to be actually thrown off the track of any part of a railroad or the works thereof, shall, upon conviction, be punished by imprisonment in the penitentiary not more than twenty years." *Ib.*

The Attorney General concedes that the charge is really based on the last phrase of § 8595, reading, "or shall cause any engine or car to be actually thrown off the track of any part of a railroad or the works thereof," and it is contended that the language of the indictment is sufficient to state an offense under that part of the statute.

It will be observed that § 8594 creates an offense in placing obstructions on the track of a railroad, or removing or destroying any part of a railroad "or the works thereof, with intent to obstruct the passage of a car or cars thereon, or to throw them off the track." The language of the next section relates back, in creating the offense, to the acts enumerated in the preceding section, and it does not constitute an offense under that

section either to cause the life of any person to be put in immediate peril, or "to cause any engine or car to be actually thrown off the track," except by one or more of the acts enumerated in § 8594. Any other interpretation of the language of § 8595 would make it a felony for a person, even by a mere act of negligence, to cause an engine to be thrown from the track. Such was manifestly not the design of the framers of this statute. Now, it will be observed from perusal of the language of the indictment that it merely charges that the accused caused a locomotive engine to be thrown from the track, "and by said means put the life of the said L. A. Young in immediate peril," and it does not charge, either directly or inferentially, the doing of any of the acts enumerated in § 8594.

This is a statutory offense, and, conceding that it would be sufficient to charge an offense in the language of the statute, such is not the case here, for the language of the statute is not used either formally or in substance. In other words, the acts enumerated in § 8594 must be taken as the basis of any offense under this statute, and the failure to charge the doing of one or more of these things falls short of charging a public offense.

Our conclusion therefore is that the ruling of the court was correct, and the judgment is affirmed.